UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRETT A. DABNEY                                             CIVIL ACTION

VERSUS

A&R LOGISTICS, INC ET AL.                          No. 14-788-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss for Improper Venue (Doc. 11)**, filed by Defendants A&R Logistics, Inc. ("A&R Logistics") and Keith Donalson (collectively, "Defendants"). Defendants seek dismissal of Plaintiff Brett A. Dabney's employment discrimination claim against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) on the grounds that the statutory venue provisions applicable to claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act render venue in this Court improper. Defendants also assert that Donalson should be dismissed as a party because federal discrimination statutes preclude individual liability claims. Dabney has not opposed the motion. Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Defendants' **Motion to Dismiss for Improper Venue (Doc. 11)** is **DENIED**.

1

I. BACKGROUND

A. Plaintiff's Allegations

Plaintiff was hired as a driver on January 27, 2012.[1] (Doc. 1-2 at p. 4). Dabney suffers from kidney disease that requires dialysis treatment. (*Id.*). After suffering complications from the disease, Dabney's treating physician placed him on medical leave from February 13, 2012 until late August of that year. (*Id.*). In late August, Plaintiff's doctor released him back to work without restrictions, and Dabney sent his release to his employer's front office. (*Id.*).

However, Dabney's supervisor, Keith Donalson, allegedly denied Dabney the opportunity to take his back to work drug test because Dabney was on dialysis. (Doc. 1 at p. 5). Dabney claims that despite calls from his nurse to Donalson explaining that Dabney was fit to return to work and that Dabney was willing to take a physical, Donalson repeatedly denied Dabney permission to take the drug test, thereby preventing Dabney's return to work. (*Id.* at p. 5). In his Complaint, Dabney claims that Donalson told him to "come back when [he] get[s] off Dialysis." (*Id.* at p. 5).

B. Procedural History

Dabney alleges A&R Logistics and Donalson violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").[2] (Doc.

---

[1] There is some dispute as to whether Dabney was hired by A&R Logistics or independent contractor, Bayne Jackson, Inc. (Doc. 11-1 at ¶ 6).

[2] Dabney's Complaint actually asserts a claim under Title VI of the Civil Rights Act on the standardized complaint form provided by the Court (Doc. 1 at p. 1), and a claim under Title VII in the Complaint's narrative (Doc. 1 at p. 3) and in the description of his cause of action on the Civil Cover Sheet. (Doc. 1-1). Title VI prohibits discrimination of the basis of race, color, and national origin in programs and activities receiving federal financial assistance. 42 USC § 2000d et seq. This statute does not appear to be relevant to Dabney's Cause of Action. As such, and given Dabney's status as a *pro se* plaintiff, the

1). Dabney filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 25, 2013.[3] (Doc. 1-2 at p. 2). The EEOC issued Dabney a Notice of Right to Sue on September 19, 2014. (Doc. 1-2 at p. 1). Dabney timely filed his Complaint *pro se* with this Court on December 18, 2014.[4] (Doc. 1). Dabney seeks damages for lost wages, future pay, and mental anguish; permission to return to work; and any other relief the Court finds appropriate. (Doc. 1 at p. 1, 6). Defendants filed this motion on April 10, 2015. (Doc. 11). Although Defendants claim other grounds for dismissal,[5] Defendants' primary argument here is that venue is improper. (Doc. 11-1). Dabney failed to file an Opposition to this motion.

## II. LEGAL STANDARD

Rule 12 provides for dismissal of an action if venue is improper. Fed. R. Civ. P. 12(b)(3). When deciding a Rule 12(b)(3) motion, the Court must take all allegations in the complaint as true, and resolve all disputes in the plaintiff's favor. *Vivint Louisiana LLC v. City of Shreveport*, No. 14-00617-BAJ-RLB, 2015 WL 1456216, at *1 (M.D. La. 2015) (quoting *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615

---

Court will consider Dabney's pleading as alleging a claim under Title VII, not Title VI. *See Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[3] Dabney's Charge of Discrimination lists his address as 15672 Riverdale Ave E, Baton Rouge, Louisiana, 70816. This is the only evidence in the pleadings that indicates that this Court may be a proper venue. (Doc. 1-2 at p. 2).

[4] The EEOC requires a plaintiff to file a complaint within ninety days of receiving the Notice of Right to Sue letter. 42 USC § 2000e-5(f)(1); (Doc. 1-2 at p. 1). Plaintiff, acting *pro se*, styled the Complaint as directed to the United States District Court for the "District of Texas–Region VI," but filed it with this Court. (Doc. at p. 3).

[5] Defendants also seek dismissal of Dabney's action against them because they claim that Dabney was not employed by A&R Logistics (Doc. 11-1 at ¶ 6), and that an employee or supervisor cannot be held individually liable under the ADA (*See* Doc. 11-1 at ¶ 11-12). The Court will not decide Defendants' other claims at this time because they are outside the scope of this Ruling.

(5th Cir. 2007)); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (explaining that review under Rule 12(b)(3) requires the court to view all facts in a light most favorable to the plaintiff).

III. ANALYSIS

A. **Whether Venue is Improper**

The Court must first determine whether the Middle District is the proper venue for this action. Title VII contains a specific venue provision that displaces the general rules for venue.[6] *In re Horseshoe Ent.*, 337 F.3d 429, 432–33 (5th Cir. 2003) (holding that the venue provisions for Title VII and ADA are the same); *See* 42 U.S.C. § 2000e-5(f)(3). The Supreme Court has ruled that courts must use the Title VII standard to determine proper venue under the ADA. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285–86 (2002) ("Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII. . . when it is enforcing the ADA's prohibition against employment discrimination on the basis of disability."); see also 42 USC § 12117.

As such, a given district is a proper venue for a Title VII or ADA claim if the claim satisfies any one of three elements. 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Ent.*, 337 F.3d at 432–33. First, venue is proper in any judicial district in the State where the alleged discrimination took place. *In re Horseshoe Ent.*, 337 F.3d at 432–33. Second, venue is proper in the district where relevant records are maintained and

---

[6] General venue provisions allow for a civil case to be brought in (1) a district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. §1391(b).

administered. *Id.* Third, venue is proper in the district where the aggrieved person would have worked but for the alleged unlawful employment practice. *Id.* Additionally, if the defendant is not found within any of the above-mentioned districts, venue is proper in the judicial district in which the defendant has its principal office. *Id.*

This Court has previously found venue improper in cases in which the claim failed to satisfy the specific Title VII/ADA standard for venue. *See Walters v. T.H. Hill Ass'n*, No. 3:12-cv-00723-BAJ-SCR, 2013 WL 5375488, at *2–4 (M.D. La. Sept. 19, 2013). In *Walters*, the plaintiff alleged a violation of Title VII because the defendant allegedly refused to hire him for reasons relating to the plaintiff's race. *Id.* at *1. In that case, this Court found that the claim did not satisfy any of the elements of the Title VII/ADA test for proper venue because the plaintiff filed in the Middle District of Louisiana, but the events relevant to the case took place in Texas. *Id.* at *4. First, the Court found that the claim did not satisfy the element which allows venue in any district in the State in which the unlawful employment practice is alleged to have been committed, because the plaintiff was interviewed in Texas, the decision not to hire the plaintiff was made in Texas, and the defendants were in Texas when they notified plaintiff he would not be hired. *Id.* at *2.

Second, the Court found that the venue did not comport with the element of the Title VII/ADA venue test that allows venue in the district in which the employment records relevant to the alleged discriminatory practice are maintained and administered. *Id.* at *3. The element was not satisfied because the defendant's principal office was located in Houston and all filings relating to the incident were maintained in Houston. *Id.* Third, the Court found the claim did not satisfy the

5

element of the Title VII/ADA venue test that allows for venue in the district in which the aggrieved person would have worked but for the alleged unlawful employment practice, because it was unclear where the plaintiff would have worked had the alleged discrimination not taken place. *Id.*

Finally, the Court held that the final element of the Title VII/ADA venue test, that allows venue in the judicial district in which the defendant has its principal office if the defendant cannot be found within any of the above-mentioned districts, was not material because the Court found that the defendant's principal office should only serve as a venue of last resort. *Id.* Reliance on the defendant's principal office was unnecessary in this case because the other elements allowed for venue in multiple other Texas districts. *Id.* Therefore, the Court found venue improper because none of the elements were met. *See id.* Rather than dismiss the case, this Court granted a motion to transfer the action to a proper venue. *Id.* at *4.

As in *Walters*, the facts here demonstrate that the Middle District is an improper venue for this action. The first factor in the Title VII/ADA venue test is not satisfied in this case because Plaintiff admits Defendants are located in Texas. (Doc. 1 at p. 4; Doc. 11-1 at ¶ 5). Dabney was also allegedly a citizen of Texas, and lists a Texas address on his Complaint. (Doc. 1 at p. 1; Doc. 11-1 at ¶ 5). Additionally, the office that determined whether Plaintiff could return to work was located in Illinois; therefore, the alleged unlawful employment practice arguably occurred in Illinois. (Doc. 11-1 at ¶ 6).

The second factor in the Title VII/ADA venue test is not satisfied because A&R Logistics' books and records relating to Dabney are maintained and administered at

A&R Logistics' office in Joliet, Illinois. (Doc. 11-1 at ¶ 7). The third factor in the Title VII/ADA venue test is not satisfied because Dabney has not claimed that he would have worked in the Middle District had the alleged unlawful employment practice not taken place.[7] (Doc. 1). Finally, the last factor in the Title VII/ADA standard is not relevant in this case. *Id.* It is unnecessary to make a factual determination regarding the location of Defendant's principle office because other districts in Texas and Illinois are available as possible proper venues. *Walters,* 2013 WL 5375488, at *3. Accordingly, the Court finds that the Middle District is an improper venue for this case because none of the Title VII/ADA factors for venue are satisfied.

### B. Proper Venue Must be Determined

The Court must now determine whether to dismiss the case or transfer the action to a proper venue. When venue is found to be improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Goldlawr v. Heiman,* 369 U.S. 463, 465–66 (1962) (applying the statute to allow transfer of venue to the proper court).[8] A court may transfer an action filed in the improper venue to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact." *Goldlawr,* 369 U.S. at 466. A district court has broad discretion in deciding whether to order a transfer, and may do so either upon a motion or *sua*

---

[7] Defendants' claim that "Texas was the place where [Dabney] applied to work" could be interpreted as stating that Dabney physically filed his application at a Texas location, or that he filed an application for a position located in Texas. (Doc. 11-1 at ¶ 5). Dabney's Complaint does not clearly allege where he applied to work. (Doc. 1).

[8] *But see Fogarty v. USA Truck, Inc.,* 242 Fed. App'x 152, 154 (5th Cir. 2007) (finding *Goldlawr* permits Courts to transfer venue, but did not require it)(unpublished, but persuasive).

*sponte. Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *see also Andrews v. Primus Telecomm. Grp. Inc.*, 146 F. Supp. 2d 954, 955 (S.D. Tex. 2001) (ruling *sua sponte* to transfer an action instead of dismissing it for lack of proper venue). Additionally, *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Miller*, 636 F.2d at 988.

Courts have looked to the interests of the party in error to determine if dismissal is appropriate in the interests of justice. *See Jones v. Teppco Terminaling & Mktg. Co., LLC*, No. 4:11-CV-27-CWR-FKB, 2011 WL 8198697, at *3 (S.D. Miss. Dec. 22, 2011). In *Jones*, the court transferred the plaintiff's ADA claim because the consequences of a dismissal would have improperly burdened the plaintiff. *Id.* The court concluded that dismissing the action and forcing the plaintiff to re-file in the appropriate district would "strike against Rule 1 of the Federal Rules of Civil Procedure which provides that 'the rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* Although not binding, this Court finds the reasoning in *Jones* applicable to the case *sub judice*.

As in *Jones*, Dabney would be burdened if the Court dismissed his action rather than transferring it to a proper venue. *See Id.* Dabney would be burdened because the right to sue granted by the EEOC has expired,[9] and Dabney would be unable to timely re-file in a court of proper venue. *See Benton v. England*, 222 F.Supp.2d 728, 731–32

---

[9] The EEOC issued Dabney his Notice of Right to Sue on September 19, 2014. Plaintiff filed his Complaint on December 18, 2014. (See Doc. 1-2 at p. 1). A civil action must be commenced within ninety days after the charging party has received a Right to Sue letter from the EEOC. §2000e-5(f)(1); *see Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (applying the 90 day rule for Title VII claims to an ADA claim).

(D. Md. 2002) (transferring an ADA action instead of dismissing it for improper venue because the plaintiff would be unable to timely re-file in a court of proper venue before the deadline set by the EEOC passed). Additionally, Dabney's mistake regarding filing in the proper venue in this case may be considered to be excusable because *pro se* plaintiffs are not held to the same standard for formal legal filings, and Title VII/ADA claims have special venue restrictions beyond the general venue requirements. *Id.* Dismissal for improper venue in this case would defeat the claim on "time-consuming and justice-defeating technicalities." *See Goldlawr*, 369 U.S. at 467. Therefore it is in the interest of justice to allow Dabney an opportunity to transfer the claim to a proper venue. However, the issue may be reconsidered by the transferee court.

However, because Dabney did not file an Opposition to Defendants' Motion to Dismiss for Improper Venue,[10] the Court is unable to determine a proper venue without additional information. It is unclear where Dabney is currently domiciled,[11] where the alleged discrimination took place, where Dabney would have worked, and whether A&R Logistics' was Dabney's employer. Thus, the interests of justice require Dabney provide more information so that the Court may transfer the action to the proper venue.

Accordingly,

**IT IS ORDERED** that Defendant A&R Logistics, Inc. and Keith Donalson's **Motion to Dismiss for Improper Venue (Doc. 11) is DENIED.**

---

[10] Further, Defendants did not request a transfer of venue as an alternative to dismissal, and failed to suggest an alternative proper venue in their Opposition. (Doc. 11-1).

[11] Dabney lists a Texas address in his Complaint (Doc. 1) and in his Motion to Proceed In Forma Pauperis (Doc. 2), but a Louisiana address on his Charge of Discrimination (Doc. 1-2).

**IT IS FURTHER ORDERED** that Plaintiff Brett A. Dabney file with the Court information adequate to show:

- where he is domiciled (his current address or place of residence and his intent to remain there);
- where the alleged discrimination took place (the location where he was allegedly told he could not return to work);
- where he would have worked had the alleged discrimination not taken place (the location where his job would have been, where he would have reported to work, or where he would have received assignments); and
- his exact relationship to A&R Logistics (whether A&R Logistics was his employer, whether the persons who allegedly discriminated against him where employed by A&R Logistics, and/or whether he or his supervisors were employed by independent contractor, Bayne Jackson, Inc.).

**IT IS FURTHER ORDERED** that failure to provide the Court with the information detailed above by **August 10, 2015** may result in dismissal of the action with prejudice.

Baton Rouge, Louisiana, this _10th_ day of July, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA